# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>598 Dreese Laboratory 2015 Neil Ave., Columbus, Ohio 43210<br>(OFFICE PREMISES) | )<br>)<br>)  Case No. 2:21-mj-694<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Ohio_____
*(identify the person or describe the property to be searched and give its location)*:

See attachment A-3 to the Affidavit in Support of the Application for this Warrant, all of which is incorportated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B to the Affidavit in support of the Application of this Warrant, all of which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____Nov. 10, 2021_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____S.D. Ohio Clerk's Office_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: October 27, 2021  10:12 AM

*Kimberly A. Jolson*
Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

# Return

| Case No.: 2:21-mj-694 | Date and time warrant executed: 10/29/2021 @ 0700 | Copy of warrant and inventory left with: Left on desk in office |
|---|---|---|

Inventory made in the presence of:
SA Jordan Flexman

Inventory of the property taken and name of any person(s) seized:

See attached Receipt for Property

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11/10/2021

*Executing officer's signature*

Steve McCann, Special Agent - FBI
*Printed name and title*

FD-597 (Rev 8-11-94)          Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
# FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # CI-3093240

On (date) 10/29/21

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) 

(Street Address) 598 Dreese Laboratory, 2015 Neil Ave

(City) Columbus, OH 43210

Description of Item(s):

1. Seagate 500 GB SSD
2. Waiver of competitive bidding
3. Western Digital My Book Essential external hard drive

Received By: *[signature]* (Signature)

Received From: Not present (Signature)

# **ATTACHMENT A-3**

The OFFICE PREMISES is located at Room 598, Dreese Laboratory, 2015 Neil Ave., Columbus, Ohio 43017.



# ATTACHMENT B
## Particular Things to be Seized

All records relating to the violations of the SUBJECT OFFENSES as described in this affidavit to include 18 U.S.C. § 1001 (False Statements) and 18 U.S.C. § 1343 (Wire Fraud), those violations involving Deliang WANG and any officers, directors, shareholders, employees, agents, or contractors of ELEVOC, ELEVOX, XI'AN RESEARCH INSTITUTE, and MACHINE PERCEPTION and occurring after January 1, 2015, including but not limited to:

1. Records and information related to the work being conducted by WANG related to any federally funded grants.
2. Records and information related to the patents developed by WANG or one of his companies.
3. Records and information related to the research and development of products by WANG, LENOVO, ELEVOC, ELEVOX, XI'AN RESEARCH INSTITUTE, and MACHINE PERCEPTION.
4. Records and information related to the end-users of products sold by WANG, LENOVO, ELEVOC, ELEVOX, XI'AN RESEARCH INSTITUTE, and MACHINE PERCEPTION.
5. Records and information related to the ownership or control of ELEVOC, ELEVOX, XI'AN RESEARCH INSTITUTE, and MACHINE PERCEPTION.
6. Records and information related to communications with entities or individuals in China. Your Affiant notes some records will be in Chinese and will require seizing due to lack of translation ability.
7. Records and information relating to credit card and other financial information including but not limited to bills, payment records, bank account information and records, and tax information and records.
8. Records and information related to WANG's terms of employment with OSU, including OSU policies regarding intellectual property, research funding, and conflicts of interest.
9. Records and information related to sources of funding for WANG's research, including the NIH.
10. Records and information related to any business owned, operated, or controlled to any extent by WANG, including LENOVO, ELEVOC, ELEVOX, XI'AN RESEARCH INSTITUTE, and MACHINE PERCEPTION.
11. Records and information related to any Thousand Talents Plan.
12. Records and information related to any patents related to WANG's research or the research of others associated with WANG.
13. Records and information related to WANG's research at OSU.

14. Records and information related to WANG's state of mind as it relates to the SUBJECT OFFENSES.
15. Records and information related to the involvement of any other individuals in the SUBJECT OFFENSES.
16. Records and information related to WANG's foreign/domestic financial accounts, holdings, and relationships.
17. Records and information related to meetings or communications concerning WANG's companies and research collaborations at Northwestern Polytechnical University.
18. Records and information related to any financial transaction or other movement of any things of value, to or from WANG, as well as any documents, including but not limited to Forms 1099 and Forms W-2, filed with any taxing authority in connection with those transactions.
19. Records and information related to any financial transaction or other movement of any things of value, to or from any company with which WANG is affiliated, as well as any documents, including but not limited to Forms 1099 and Forms W-2, filed with any taxing authority in connection with those transactions.
20. Computers and/or storage media related to the allegations laid out in this Affidavit. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):
    i. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;
    ii. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
    iii. evidence of the lack of such malicious software;
    iv. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;
    v. evidence indicating the computer user's state of mind as it relates to the crime under investigation;
    vi. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;
    vii. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;
    viii. evidence of the times the COMPUTER was used;
    ix. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

x. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
xi. records of or information about Internet Protocol addresses used by the COMPUTER;
xii. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;
xiii. contextual information necessary to understand the evidence described in this attachment.
xiv. Routers, modems, and network equipment used to connect computers to the Internet.
xv. WANG's biometrics, such as fingerprints or facial recognition, may be used to unlock any computer.

21. Additional terms:
i. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).
ii. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.
iii. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.